7 Vehicle Interface Technologies v. Land Rover 7 Vehicle Interface Technologies v. Jaguar Land Rover May it please the court. The district court described this case as fairly close on the question of whether it could be said to be exceptional within the meaning of Section 285. The court placed the case in the middle of those in which it had both granted and denied motions under Section 285. You know there's got to be a boundary line somewhere, even if the boundary line is at, I don't know, the 5% meritorious. To say it's close around the boundary line doesn't really tell us whether the district court abused its discretion in finding it. Well that fact alone wouldn't, Your Honor, but that's not all the court said. In addition to calling the case fairly close, the court placed it in the middle. And wherever the boundary line may exist, it isn't in the middle. A case in the middle does not stand out. So there are two aspects to what the district court said in that regard. But in this situation, not only did the court place the case in the middle, the court made an unsupported finding of litigation misconduct. In the district court, there were two points that were made by Jaguar Land Rover regarding the motivation of the plaintiff for the amendment of contentions that the district court eventually rejected. First, Jaguar Land Rover claimed that what happened was the filing of multiple lawsuits for the purpose of running up cost. Well that wasn't true. And what actually happened was the amendment was attempted, the court rejected it, and then only because Jaguar Land Rover had opposed the amendment was a second case filed. So that accusation was false. After that was pointed out, Jaguar Land Rover turned to a second theory. And it's a common one. And this court has encountered it in various cases. What Jaguar Land Rover claimed was that the amendment of the contentions was an attempt to coerce or extort a settlement that wasn't justified. Well, when counsel said that, the district court asked whether there was any evidence in the record to support it. Counsel acknowledged there wasn't. So the second theory, and I'll turn to this in a moment, but the one apparently adopted by the district court was the idea that the contentions were amended in an attempt to coerce a settlement. Can I ask this? As I read the district court's opinion, the district court said two things that were unhappy for your client. One was what you're just discussing, namely that the attempt to add seven vehicles right near the end of discovery was a bad thing. And then quite separately, that the claim construction position on which your claim construction answer to the anticipation in validity defense depended was, I forget what the words were, but let's call it unreasonable, utterly meriless or something like that. Why does the first thing matter if the second thing is right? Well, there's two reasons, Your Honor. And first of all, that's one of the other problems. That point, the point that the district court did found to be wanting, that was not what the VIT's position turned on. So that's an issue that... Well, let's talk about that, but why... To answer more directly, Your Honor, the reason that in this case that doesn't work is because of the process the district court followed. Now, of course, these matters are committed under high mark to the discretion of the district court. It is the district court's obligation to weigh the totality of the circumstances and arrive at a conclusion. In this case, what the district court did is it stepped through three points that were made by Jaguar. One was held unsubstantiated and two were credited. But the two were credited, were not weighted in a manner that would justify disregarding the error on the misconduct point. The court did not say, I independently declare the case exceptional because of the claim construction problem. That is not the process. The court stepped through one, two, three. It said, I am evaluating the totality as it was required to do. And in this case, there's a material defect in the court's evaluation of the totality because of the error on litigation misconduct. So that's why it's not good enough. Now, in this court, Jaguar-Landrover doesn't defend the argument that it made on settlement coercion. Jaguar-Landrover insists that that was not what the district court adopted. Well, the district court wasn't explicit. But as I just said, what the court did is it went through the arguments made by Jaguar-Landrover. It listed them. It addressed them. So if the court was saying something other than what Jaguar-Landrover argued as a motivation, the court didn't say what that was. And it's certainly not evident from the record what the improper motivation might have been. This was an amendment of infringement contentions. To be sure, the district court found it late, found it to complicate the case too much, and struck the amendment. But an amendment of that kind at that time is hardly something that's uncommon. It happens all the time that parties clean things up as discoveries grinding to a close. Indeed, in this case, the day before, Jaguar-Landrover itself amended its invalidity contentions. So the circumstances do not stand out. And the idea that there was a motive that was illegitimate, something motivating the plaintiff other than the obvious idea of getting things cleaned up, of adding more potential damages, finds no support in the record. And that is very important because of the process that was followed by the district court. Now, there is another issue that involved Can I double check something with you? I'm sorry. When the district court spoke about the improper motivation, did the district court say that it was the attempt to amend the 2012 case to include these that was improperly motivated? Or did the district court add that it was also improperly motivated to file the second lawsuit on the seven extra vehicles? I don't read the order as addressing the second lawsuit. I think it was very specific to the first. And specifically, what the court said was that it recited the argument made by Jaguar-Landrover, and it then looked to the question of whether the delay in amending was explained. The court decided it wasn't. And that's more or less what the court had decided when it struck the contentions. The argument had been some of the vehicles were available on the internet a long time ago. Others were disclosed in discovery five months ahead of time. And all the court said was that the circumstances strongly support an inference of illegitimate motivation without saying what that motivation might have been and without pointing to anything different from what was argued by Jaguar-Landrover. And again, as the case then stood after Jaguar-Landrover abandoned its first point, as the case stood, the argument was this was motivated by an attempt to coerce a settlement. And it was unsupported by evidence. That makes the case different from those the court has considered where similar allegations have been made. In Newegg, the court said there wasn't evidence of an improper approach to settlement. The court endorsed the theory that had been alleged, but the court found no evidence and wouldn't sustain a Section 285 ruling. Can I ask you on what seems to me the at least dominant ground of the district court's exceptional case finding, namely that your formatting, the formatting portion of your proposed claim construction of the term pages, is that what it is? That's the term, Your Honor. Was utterly meritless. I looked at your brief in opposition to their summary judgment anticipation filing, and I did not see in there anywhere where you said our proposed construction has two parts, the full screen part and the formatting part. You should deny anticipation, at least summary judgment of anticipation, even if you agree with us only on the full screen part, but disagree with us on the formatting part. It seemed to me that you made a unitary argument that said they don't deserve summary judgment of anticipation because our claim construction is right, including the formatting piece. So both points were clearly mentioned, Your Honor. Was the full screen part relied on by you independently, or rather as an independent ground for rejecting summary judgment of anticipation? I don't remember how explicit it was, Your Honor, but I do remember, and we can take a look. It was very clearly argued as part of the basis for the opposition, and whether it gets portrayed. The reason I'm focusing on it, it seems to me there's a critical difference here, because you now argue that, I'm going to summarize, we could win even if you reject the formatting proposed construction, but accept the full screen part of the construction, and that part the district court said that was, although wrong, a reasonable construction. I did not see you advancing that argument as a ground for opposing the summary judgment, in which case it seems to me it was fair for the district court to say, since you relied on the formatting piece, and that was utterly meritless for your victory, that the whole case was exceptional. I think there's a couple of points there, and Your Honor, we do also argue that that was not utterly meritless. We've emphasized in our briefs in this court the purpose of the invention that obviously does require some sort of formatting, but at the time the summary judgment motion was opposed, it hadn't been determined whether any particular construction was right or wrong or anything else, so yes, both were put in play. There wasn't, as I said, Your Honor, there wasn't as specific an argument as you're describing, but there's nothing inconsistent with the arguments that were made, and something that places it very explicitly on the footing it's now placed in the context of the rulings made by the trial court, but as we discussed earlier, Your Honor, even the idea that that determination on that aspect of the construction would not be disturbed, given the process the court followed where it evaluated the totality, where it looked at, I reject this, I accept this, I accept this, when that litigation misconduct aspect is removed, the court's evaluation of the totality of the circumstances can't stand, and another look is required. You're into your rebuttal, so why don't you save the rest of it, and we'll hear from the other side. Yes, Your Honor, thank you. Chief Judge Prost, and may it please the court. I'd like to start with Your Honor's question to my friend regarding what they did and didn't argue below, because I think that is a crucial point, and the unequivocal answer is they did not attempt to distinguish the Mercedes 2001 prior art based on this notion of a full screen image, and you can see this very clearly at A1402 to 1404, which is their summary judgment argument opposing anticipation, and as Your Honor alluded to, there is nothing whatsoever in there distinguishing the prior art on that basis. They did mention those words earlier in their paper, but that was not the basis, and we can see this again at the summary judgment hearing itself at pages A1887 to 1889, and at that point, the district court asked point blank, do you want me to construe this as just a full screen image, and counsel answered, no, it requires something else. What we mean by that full screen image is that it has a certain measure of formatting. What the measure of formatting is was unclear, and the district court wrestled for several pages of the transcript with counsel trying to get an answer about what do you mean by formatting, and ultimately ended up something like stylized fonts was enough, and so this reflects actually the position of their expert in advance of summary judgment who said that it must be aesthetically pleasing, and they echoed that in their summary judgment papers. That was in the expert's deposition, and so all throughout the summary judgment proceedings, that was the only basis on which they attempted to distinguish, and as the court found, that was not even close. It was meritless. It was baseless. Can you address the question of how to read the district court's exceptional case opinion? Are the two pieces of it intertwined? That is, the piece that says improper motivation for seeking to amend the complaint just before close of discovery, and the piece that says you're formatting proposed claim construction is utterly meritless, or does the second one stand independently as a sufficient ground for the exceptional case finding? I think the second one would stand as an independent. The district court? I don't know if there are words that say that about that, but certainly under this court's cases, such as Torres, for example, in that case, the district court had found a baseless infringement position in addition to litigation misconduct, and ultimately, this court said the baselessness of the infringement condition was so overwhelming that it didn't matter, and it could affirm on that basis, and I think a very similar analysis would argue that this was not even a close call, and on that basis, found it utterly meritless and warranting fees. My friend also mentioned the improper motive piece to follow up on the question. We do think both are amply supported in the record. So what was improper exactly, and what was the harm? This all took place in 28 days or something, and the amendment was denied, and I can't believe that you incurred anything close to the amount of fees that you've been awarded here during that 28-day period in resisting the motion to amend. It seems like, I don't know, something on the tail of the dog? Well, I don't think it's wagging the dog. I would say that- For a brief attempt to add some vehicles by amending the complaint that was immediately rejected, and the rest of the litigation, as far as I can tell, was wholly unaffected. That seems, I don't know, disproportionate. I think to clarify a little bit, the district court awarded fees not just because of that. It awarded it predominantly because of the baselessness of the infringement contention, and particularly the claim construction. What the district court said is, as of October of 2013, which is when VIT responded to an interrogatory and said, the Mercedes does not practice the pages limit, or teach the pages limitation, the district court said, at a minimum at that point, you knew, you were on, quote, full notice, the district court said at A41, that this was a baseless claim. And so, in that context, what VIT should have done was stopped right then. But so far, none of that has anything to do with amending the complaint? I respectfully disagree, Your Honor. I think that all feeds into the background of what made the amendment attempt improper. So in that context, after not only not withdrawing the complaint, VIT doubled down. And we saw that in the attempt to add seven new vehicles, which would dramatically increase Jaguar's exposure. Except you got the exposure, I think it was even the very same day that the amendment was rejected. They filed a separate suit, and the district court did not find that filing the separate suit by adding vehicles independent of the underlying meritlessness of the claim construction was badly motivated. It was just a question whether you were going to have two suits, or whether you were going to complicate this one that seemed simple for most of the time. Well, Jaguar's position at the time was that it wasn't just that it was late and should be filed in another suit. It's that VIT missed its opportunity to include those in the earlier suit. And so when the district court awarded fees, it again wasn't predominantly based on that amendment.  And throughout that entire time, the baseless claims persisted. That was the key to the district court's fee award. Whether they were able to add or not, the fact that they attempted to do that was additional bolstering of their bad faith in the litigation. And what octane fitness teaches us is that the baselessness of the position can itself be evidence of bad faith. And I think that would be the case here. And that was only supplemented when they attempted at the last minute to add seven more, dramatically increasing the exposure, adding seven more baseless claims to one already utterly baseless claim. Unless the court has additional questions? Thank you. The court did not decide that VIT had doubled down. What the court decided is that there was an illegitimate motive for the amendment. There is no evidence to justify that. And by the way, when the court discussed the significance of the illegitimate motive that it found, it said at times, on page 31 of the appendix, at times, VIT's motives were illegitimate. Not at all times, not from the beginning of the case, and not, as counsel said, throughout. That was it. It was the brief period of time that Judge Toronto mentioned. Now, the idea that the court predominantly relied on one ground or the other demonstrates why this decision cannot stand. The court did not say that. The court said one is out, two is in, three is in. It was error on two. The court did not weight either more heavily. One other point. One important difference between the theoretical idea about what octane would allow and the argument that one claim construction, in some cases, has been held sufficient. There's a big difference between this case and those cases. In this case, the core of the construction was not found to be unreasonable. So whatever might happen theoretically when one claim construction is bad is not controlling here. But the real problem is that the court made an unjustified finding of an illegitimate motive during a brief period of time, and that, above everything else, requires reversal. Thank you. Thank you.